IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PROPHET PAULCIN,
   Plaintiff,

vs.            3:09cv151/LAC/MD

WALTER MCNEIL, et al.,
   Defendants.

## REPORT AND RECOMMENDATION

  Plaintiff, an inmate of the Florida penal system proceeding pro se, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983. Leave to proceed *in forma pauperis* was granted (doc. 6) and his amended complaint is currently pending before the court.

  Plaintiff, who is currently incarcerated at Santa Rosa Correctional Institution ("SRCI"), names sixteen defendants in this action and complains of the use of force policies at SRCI with respect to the use of chemical agents. Defendants McNeil and Ellis are sued due to their roles as policymakers, for their alleged failure to ensure that rules, policies and practices are in place to protect inmates from the second-hand effects of the use of chemical agents. Plaintiff complains of seven separate incidents where thirteen of the remaining named defendants[1] participated in allegedly malicious and sadistic non-spontaneous uses of force against inmates in the close management area of SRCI. Although plaintiff was not the target of the allegedly improper uses of force, he asserts that because of ventilation inadequacies, improper decontamination procedures and plaintiff's proximity to the chemical agents, he suffered physical and psychological side effects as

---

[1] There appear to be no allegations in the complaint against defendant Lowrey.

a result. The incidents occurred between June 25 of 2008 and March 9, 2009. Plaintiff seeks injunctive relief, compensatory and punitive damages. He also seeks class certification, although he was previously advised that prisoners proceeding pro se were not qualified to represent a class.

Because plaintiff is proceeding *in forma pauperis*, the court is required to dismiss the case at any time if it determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C.A. § 1915(e)(2)(B). Upon review of the complaint, it appears this case should be dismissed as malicious.

On page three of the civil rights complaint form, Section IV(A), Previous Lawsuits, is the following question: "Have you initiated other actions in state court dealing with the same or similar facts/issues involved in this action? Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no" (Complaint, p. 3). On the same page of the complaint form in Section IV(B), Previous Lawsuits, is the following question: "Have you initiated other actions in federal court dealing with the same or similar facts/issues involved in this action?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no."

On page four of the civil rights complaint form, Section IV(C), Previous Lawsuits, is the following question: "Have you initiated other actions (besides those listed in Questions (A) and (B)) in either state or federal court that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?" Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "yes" (*id.*, p. 4). He listed a case from the Middle District of Florida, and listed three cases from this judicial district on his attachment pages, although they are not identified by case number. On the same page of the complaint form, Section IV(D), Previous Lawsuits, is the following question: "Have you ever had any action in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to

service?"  Where there are parenthetical areas to mark either a "yes" or "no" answer to this question, plaintiff marked "no."  (*id.*).

At the end of the civil rights complaint form, plaintiff signed his name after the following statement:  "I declare under penalty of perjury that the foregoing statements of fact, including all continuation pages, are true and correct." (*Id.*, p. 7).  Thus, plaintiff has in effect stated that other than the listed cases, he has initiated no other lawsuits in federal court that relate to the fact or manner of his imprisonment or the conditions of his imprisonment.

This court does attempt to make, as a matter of course, an independent investigation into whether or not litigants truthfully complete the civil rights complaint forms, especially when a lack of candor in informing the court of prior lawsuits may affect the court's jurisdiction.  Further, in the light of 28 U.S.C. § 1915(g)[2], the court must necessarily investigate the prior filings of a prisoner to enforce the so-called "three strikes" provision. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the reasons for their dismissal can be considerable.[3]

Upon review of the file, the Clerk has advised, and this Court may take judicial notice, that plaintiff has previously filed the following cases in the Northern District of Florida:

 3:06cv201/LAC/EMT Paulcin v. McDonough, et al.

 3:07cv29/MCR/EMT Paulcin v. Hall, et al.

 3:08cv378/RV/EMT Paulcin v. McNeil, et al. and

 3:08cv335/LAC/EMT Paulcin v. Gilliam which was transferred to Tallahassee as:

 4:08cv418/SPM/AK Paulcin v. Gilliam, et al.

---

[2] Section 1915(g) provides that if a prisoner has had three (3) prior actions dismissed as frivolous or malicious or for failing to state a claim, the prisoner may not bring an action *in forma pauperis* unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

[3] "[T]he task of counting strikes involves more than sophomoric arithmetic.  Courts must search records of the prisoner's prior federal cases to determine whether judicial officers 'on 3 or more prior occasions' entered orders of dismissals and, if so, whether the reason for the dismissals were frivolousness, maliciousness or failure to state a claim upon which relief may be granted."  *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998), *citing* 28 U.S.C.A. § 1915(g).

*Case No: 3:09cv151/LAC/MD*

In addition, the plaintiff filed case 3:03cv224-J-21TEM in the Middle District of Florida.

Plaintiff identified only four cases on his complaint form, although he has previously filed five cases.[4] A cursory review reveals that plaintiff's previously filed cases dealt with plaintiff's imprisonment.

The court has the authority to control and manage matters such as this pending before it, and plaintiff's *pro se* status does not excuse him from conforming to acceptable standards in approaching the court. If the court cannot rely on the statements or responses made by the parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it. Here, plaintiff falsely responded to a question on the complaint form, as detailed above. Plaintiff knew, from reading the complaint form, that disclosure of all prior actions was required and that dismissal of this action may result from his untruthful answers. If plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Therefore, this court should not allow plaintiff's false responses to go unpunished. The undersigned recommends that an appropriate sanction for plaintiff's abuse of the judicial process in not providing the court with true and complete responses is to dismiss this cause without prejudice. Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. See, e.g., *United States v. Roberts*, 308 F.3d 1147 (11th Cir. 2002) (inmate convicted of perjury for false statement made on pleading filed in federal court).

Accordingly, it is respectfully RECOMMENDED:

That this cause be dismissed without prejudice as malicious pursuant to 28 U.S.C. §1915(e)(2)(B)(i) for plaintiff's abuse of the judicial process.[5]

---

[4] Plaintiff's failure to identify the cases by case number made it more difficult for the court to ascertain which cases he was identifying. Clearly, however, he did not list all of the previously filed cases.

[5] Dismissal of this action does not relieve plaintiff of the obligation to pay the full filing fee in this case. Thus, the court's Order Granting Leave to Proceed *In forma pauperis* in which the agency having custody of the plaintiff was instructed to forward monthly payments from plaintiff's prison account towards the balance due of the filing fee, remains in effect.

*Case No: 3:09cv151/LAC/MD*

At Pensacola, Florida, this 22nd day of July, 2009.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings.** *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).